IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY FIREPLACES, LTD., | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-680 |
| | § | |
| LENNOX HEARTH PRODUCTS, LLC, | § | |
|     *Defendant.* | § | |

ORDER

Pending before the court is defendant Lennox Hearth Products, LLC's ("Lennox") original motion for the exercise of supplemental jurisdiction and realignment of parties (Dkt. 14), Lennox's motion to withdraw that motion (Dkt. 15), and a second motion for the exercise of supplemental jurisdiction and realignment of parties filed by Lennox (Dkt. 16). The motion to withdraw the original motion (Dkt. 15) is GRANTED. With regard to the second motion for the exercise of supplemental jurisdiction and realignment of the parties, Plaintiff Quality Fireplaces, Ltd. ("Quality") is not opposed to Lennox's request for the court to exercise supplemental jurisdiction, but it is opposed to Lennox's motion for realignment of the parties. Dkt. 16 (certificate of conference). Notwithstanding Quality's nonopposition to part of the motion, after considering the motion and applicable law, the court is of the opinion that the motion should be DENIED in all respects.

I. BACKGROUND AND ANALYSIS

Lennox filed a lawsuit against Quality in Montgomery County, Texas, in July 2012 ("Lennox's Lawsuit"). *Id.* Quality filed a counterclaim in that lawsuit, alleging damages exceeding $2,000,000.00. *Id.* Lennox moved to dismiss the counterclaim because it exceeded the county court's jurisdictional limits, and the county court granted the motion to dismiss the counterclaim. *Id.* Quality thereafter filed an independent lawsuit against Lennox in the state district court in

Montgomery County and asserted damages of up to $5,000,000.00 ("Quality's Lawsuit"). *Id.* Lennox removed Quality's Lawsuit to this court, asserting diversity jurisdiction. *Id.*; *see* Dkt. 1 (notice of removal). Quality thereafter filed a motion to abate Lennox's Lawsuit, as it involves the same parties, circumstances, and dispute as Quality's Lawsuit. Dkt. 16, Ex. A.

Lennox now requests that the court "exercise its supplemental jurisdiction" over the claims raised in the Lennox Lawsuit. Dkt. 16. While Lennox cites authority for the proposition that the court may exercise supplemental jurisdiction over claims within the same controversy (*see* 28 U.S.C. § 1367), it does not cite any authority indicating how it proposes for the court to exercise jurisdiction over claims that are not presently before it. The Lennox Lawsuit has not been removed to this court, and Lennox has not filed a counterclaim asserting the claims that it asserted in state court. Even if the Lennox Lawsuit is currently abated, the claims are still before the state court judge. The court is unaware of any procedure whereby it can, in essence, take a lawsuit from the state court simply because it may exercise jurisdiction over the claims if the claims were before it. *Cf. McClelland v. Longhitano*, 140 F. Supp. 2d 201, 203-04 (N.D.N.Y. 2001) ("Congress never implied nor indicated that the supplemental jurisdiction provisions contained in 28 U.S.C. § 1367 somehow bestow an independent source of removal jurisdiction on this court for the benefit of state court litigants unhappy with the outcome of proceedings there."). Lennox's motion for the court to exercise supplemental jurisdiction is therefore DENIED.

Because Lennox's claims against Quality are not currently before the court, Lennox's request to realign the parties so that Lennox is the plaintiff and Quality is the defendant is likewise DENIED.

## II. CONCLUSION

Lennox's motion to withdraw its original motion for the exercise of supplemental jurisdiction (Dkt. 15) is GRANTED. Lennox's original motion for the exercise of supplemental jurisdiction is hereby (Dkt. 14) WITHDRAWN. Lennox's second motion for the exercise of supplemental jurisdiction and realignment of parties (Dkt. 16) is DENIED.

It is so ORDERED.

Signed at Houston, Texas on June 20, 2013.

                                          Gray H. Miller
                                  United States District Judge